This was an action of assumpsit, brought by the appellee in the court below as executor of the laSt will and testament of George W. King* 'deceased, against the appellant, on two several accounts filed.
The first account filed by plaintiff below, had two or three small credits attached to it; and, during the progress of the trial the plaintiff withdrew said account. — The first point raised in this case by the bill of exception taken to the opinion of the court below is, that the court erred in refusing to allow the defendant below the benefit of those credits attached to said account, which had been withdrawn by the plaintiff; that a plaintift has a right to withdraw an account, daring the progress of a *360 trial, is a principle too olear to admit of doubt, and if the debits are withdrawn, the credits attached to it should necessarily follow.
At common law, under the plea of non-assumpsit, which is the plea in' this case, the defendant might give payment in evidence, because it shewed that there was no subsisting cause of action at the time of bringing the suit; but, agreeably to our statute, revised code, page 118, sec. 61, it is absolutely necessary for a defendant, who wishes to avail himself of any payment or offset, that he should file with his plea, an account stating distinctly the nature of such payment or offset, and the several items thereof, or he should distinctly set forth the nature of such payment or set-off", in his plea, so as to give the plaintiff full notice of the character thereof. The defendant below, not having filed such an account, nor said any thing in his plea on the subject of payment, we think the court below did not err in refusing to let the account of the plaintiff, (which had been withdrawn,) go to the jury, to prove )a payment on behalf of the defendant.
The 2d point raised in this case, grows out of the following facts stated ■ in the bill of*exceptions, viz: that a certain negro man, naméd Dennis, (for whose hire the plaintiff had in part sued,) had been hired by testator,a short time previous to his death, to the defendant; the negro man was in the possession of defendant at testator’s death, and the testator by his last will'and testament had bequeathed the said negro man Dennis to the defendant; that the plaintiff, as executor, had demanded said negro from said defendant, immediately after testator’s death, but the defendant refused to deliver up said negro to the said plaintiff; that one year after letters testamentary had been granted, an order of the orphan’s court had passed, requiring the executor to pay off the legatees and distributees.— The counsel for the defendant requested the court to instruct the jury, that the said negro man Dennis, of right, and according to law, belonged to the defendant, and that the plaintiff was not entitled, at the time this action was commenced, to recover from the defendant hire for the negro’s services since the death of the testator, without evidence, on the part of the plaintiff, that there were debts due by the estate, which could not he paid without it; and the counsel further requested the court to charge the jury, that plaintiff had misconceived his remedy, fend was not entitled *361 to recover in this form of action; all of which instructions the court refused to give. The question for'this court, arising upon this statement of facts, is, whether the defendant was bound to pay for the hire of this negro slave for the time specified in the agreement between him and the 'deceased, inasmuch as the deceased had bequeathed said negro to him, the said defendant. There would have been no doubt; if this slave had been hired to a stranger, but that the-plaintiff might have recovered the hire; and although this slave wás bequeathed to the'defendant, he could not legally call on the executor for his bequest, until after the expiration! of one year, from the time'of taking out letters testamentary, — see revised code, page 55, sec. 91; and although a legal right in the property of said slave vested in the defendant, as legatee, on the death of the plaintiff’s, testator; yet the legatee could not reduce that right to possession, until after the expiration of one year from granting the said letters testamentary, during which time he Was bound to pay the hire; The executor had one year to examine into, and settle the debts, &c. of the estate. — • l am, therefore, clearly of opinion, that the plaintiff had the same right to have recovered this year’s hive from the legatee, as he would have had from a stranger, Who had no interest in the bequests of the deceased.*— lam also of opinion, that the court below did right in refusing the instructions aske'd for by the defendant’s counsel, and that there is no error in the-judgment of the court below.
The judgment is therefore affirmed.
■Judges Turner and Child concurred.
Black dissenting.